[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15222
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-24026-FAM

JOSHUA DOMOND,
United States Citizen and Florida Resident,
HAROLD HUNTER, JR.,
United States Citizen and North Carolina Resident,

Plaintiffs-Appellants,

versus

PEOPLENETWORK APS,
d.b.a. BeautifulPeople.Com,
BEAUTIFUL PEOPLE LLC,
A California Limited Liability Company,
GREG HODGE,
An individual resident of California and Managing
Director of PeopleNetwork APS d/b/a Beautifulpeople.com,
GENEVIEVE MAYLAM,
Managing Director of Beautifulpeople.com,
GENEVIEVE HODGE,
An individual resident of California and Managing Director of
PeopleNetwork APS d/b/a Beautifulpeople.com,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 20, 2018)

Before MARCUS, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Plaintiffs Joshua Domond and Harold Hunter, Jr., proceeding pro se on appeal, appeal from the district court's order granting defendants PeopleNetwork APS, d/b/a beautifulpeople.com; Beautiful People, LLC; Greg Hodge; and Genevieve Hodge's (collectively, "BP.com") motion to dismiss the second amended complaint for failure to state a claim. On appeal, Domond and Hunter primarily argue that the district court erred in concluding that they could not state any trademark infringement or related claims against BP.com because their amended complaint alleged that BP.com used the "Beautiful People" mark before they did. After thorough review, we affirm.

We review de novo a dismissal for failure to state a claim upon which relief may be granted, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff. Leib v. Hillsborough Cty. Pub. Transp. Comm'n, 558 F.3d 1301, 1305 (11th Cir. 2009). At the motion to dismiss stage, a district court may take judicial notice of public records. Bryant v. Avado Brands,

2

Inc., 187 F.3d 1271, 1280 (11th Cir. 1999) (addressing Rule 12(b)(6) motion).  We construe pro se pleadings liberally, holding them to a less stringent standard than counseled pleadings.  Gilmore v. Hodges, 738 F.3d 266, 281 (11th Cir. 2013). Nevertheless, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  It must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, the complaint must contain facts sufficient to support a plausible claim to relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"Rights in a trademark are determined by the date of the mark's first use in commerce.  The party who first uses a mark in commerce is said to have priority over other users."  Hana Fin., Inc. v. Hana Bank, 135 S. Ct. 907, 909 (2015); see Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188, 1193 (11th Cir. 2001) (explaining that under the common law, a party acquires trademark ownership only through actual prior use of the mark in commerce).  A party seeking to assert trademark rights must show "prior use in commerce" in order to succeed on claims of: trademark infringement under 15 U.S.C. § 1114; unfair competition under 15 U.S.C. § 1125; contributory infringement under § 1125; trademark infringement and unfair competition claims under Florida common law; and trademark infringement under the Florida Deceptive and Unfair Trade Practices Act.

3

Carnival Brand Seafood Co. v. Carnival Brands, Inc., 187 F.3d 1307, 1309 (11th Cir. 1999) (addressing claims under §§ 1114 and 1125); Suntree Techs., Inc. v. Ecosense Int'l, Inc., 693 F.3d 1338, 1345-46 (11th Cir. 2012) (concluding that the legal standards that applied to an FDUPTA claim were the same standards that applied to an alleged violation of the Lanham Act and also addressing priority requirement for contributory infringement); Tally-Ho, Inc. v. Coast Cmty. College Dist., 889 F.2d 1018, 1022-23 (11th Cir. 1989) (addressing claims under Florida common law); see Planetary Motion, 261 F.3d at 1193 n.4 ("Courts may use an analysis of federal infringement claims as a 'measuring stick' in evaluating the merits of state law claims of unfair competition."); Investacorp., Inc. v. Arabian Inv. Banking Corp. (Investcorp) E.C., 931 F.2d 1519, 1521, 1526 (11th Cir. 1991) (affirming summary judgment on Florida state law claims of unfair competition and service mark infringement because the plaintiff could not succeed in showing a protectable interest in the mark under federal law). A "prior use in commerce" claim requires evidence of: (1) adoption and (2) "use in a way sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark." Planetary Motion, 261 F.3d at 1195 (quotation omitted). A sale of marked goods provides typical evidence of the second element, although a party may alternatively rely on advertisements,

4

publications, and solicitations.  FN Herstal SA v. Clyde Armory Inc., 838 F.3d 1071, 1081 (11th Cir. 2016), cert. denied, 137 S. Ct. 1436 (2017).

Even if a plaintiff shows first use of a mark, it will not have rights in that mark on its first use, unless the mark is "inherently distinctive."  Id. at 1082-83 (quotation omitted).  If the mark is not inherently distinctive, then the plaintiff will also have to show that it acquired secondary meaning in the mark before the defendant began using the mark.  Id. at 1083; see also Gift of Learning Foundation, Inc. v. TGC, Inc., 329 F.3d 792, 800 (11th Cir. 2003) (holding the plaintiff had to prove that its mark acquired secondary meaning before the defendant began using the relevant trademark); Knights Armament Co. v. Optical Sys. Tech., Inc., 654 F.3d 1179, 1189 (11th Cir. 2011) (same); Investacorp., 931 F.2d at 1524 ("Because the term is not inherently distinctive, for appellant to have a protectable interest in the term 'Investacorp,' it must have attained secondary meaning before the date that appellee used the similar term 'Investcorp.'"); J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 16:34 (5th ed. 2018) (noting that it would seem that ownership of a non-inherently distinctive mark goes to the party that first acquires secondary meaning in its mark, regardless of the party that first used it, but that the courts have adopted a majority rule that "[t]he senior user must prove the existence of secondary meaning in its mark at the time and place that the junior user first began use of that mark").

5

Here, the district court did not err in dismissing the amended complaint for failure to state a claim.  As the record reveals, Domond and Hunter could not prove ownership in their Beautiful People in Action or related marks, because doing so requires prior use in commerce, and they admitted that BP.com used the Beautiful People mark in 2005 before any of their alleged uses of the marks.  See FN Herstal SA, 838 F.3d at 1082-83.  Nor could they plausibly allege that their mark acquired secondary meaning or that it was inherently distinctive before BP.com began using the mark -- especially since BP.com used the mark before Domond and Hunter used it at all.  See FN Herstal SA, 838 F.3d at 1082-83.  To the extent they argue that the real priority test is between which party first acquired secondary meaning in the mark, regardless of who first used it, they are incorrect.  See id.; Investacorp., Inc., 931 F.2d at 1524.  We are also unpersuaded by their related argument that BP.com did not use the mark in commerce in a way that gained it priority rights in the mark, or that they do not have to show acquisition of secondary meaning because their marks were inherently distinctive.  We focus on the plaintiff's priority of use, instead of focusing on whether the defendant's use in commerce was sufficient to establish ownership.  Cf. FN Herstal SA, 838 F.3d at 1082-83.  Focusing on whether BP.com has shown that it used its marks in commerce or acquired secondary meaning in those marks is beside the point, because BP.com is not suing for infringement.

6

In any event, Domond and Hunter do not explain how BP.com's use of the beautifulpeople.com website was insufficient to show use in commerce under the relevant test.  Cf. id.; Blue Bell, 508 F.2d at 1265.  Instead, they conflate the prior-use-in-commerce requirement with the acquisition-of-secondary-meaning requirement by arguing that BP.com did not use the marks in commerce because BP.com did not acquire secondary meaning in its marks.  By conflating the two, Domond and Hunter have failed to sufficiently allege prior use in commerce, and their remaining arguments lack merit.  We affirm the dismissal of the amended complaint for failure to state a claim.  See Carnival Brand Seafood Co., 187 F.3d at 1309; Suntree Tech., Inc., 693 F.3d at 1345-46; Tally-Ho, Inc., 889 F.2d at 1022-23; Planetary Motion, Inc., 261 F.3d at 1193 n.4; Investacorp., Inc., 931 F.2d at 1521, 1526.[1]

**AFFIRMED**.

---

[1]    As for the denial of reconsideration, Domond and Hunter abandoned any challenge to it by failing to raise specific arguments in their brief.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).